IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LEROY DONNIE GRANT,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:12-CV-200-L (BK) |
| § | | |
| **CPC LOGISTICS INC., et al.,** § | | |
| Defendants. § | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge for screening. For the reasons set out below, it is recommended that all individual-liability claims against Defendant John Fitzgerald be summarily **DISMISSED** with prejudice as frivolous

**I.  BACKGROUND**

Plaintiff, a resident of Desoto, Texas, filed this *pro se* Title VII employment discrimination action against his former employer, CPC Logistics and CPC Building & Manufacturing Products, and Regional Manager John Fitzgerald. As to Fitzgerald, the complaint alleges that he "might have committed perjury in an official State Appeal Tribunal Telephone Hearing, on November 3, 2011." (Doc. 3 at 4.) Contemporaneously with this recommendation, the Court granted Plaintiff's motion to proceed *in forma pauperis* and issued process on Defendants CPC Logistics and CPC Building & Manufacturing Products. The Court now addresses Plaintiff's claims against Fitzgerald.

## II. DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory . . . ." *Id.* at 327.

Plaintiff cannot sue Fitzgerald in his individual capacity for employment discrimination. Only "employers," not persons acting in their individual capacity, who do not otherwise meet the definition of "employers," can be liable under Title VII. *See Grant v. Lone Star Co.*, 21 F.3d 649, 652-53 (5th Cir. 1994) (Title VII imposes liability only on "employers").

Insofar as Plaintiff seeks to sue Fitzgerald for perjury, his claim lacks an arguable basis in law. Federal courts have repeatedly held that violations of criminal statutes, such as 18 U.S.C. §§ 1001, 1505 and 1621, do not give rise to a private right of action. *See Williams v. Cintas Corp.*, NO. 3:07-CV-0561-M, 2007 WL 1295802, 2 (N. D. Tex. Apr. 10, 2007) (collecting cases finding no private cause of action for perjury, and summarily dismissing *pro se* complaint without questionnaire or opportunity to amend), *recommendation accepted*, 2007 WL 1300780 (N. D. Tex. May 02, 2007). Nor is there a private right of action for civil perjury under Texas law. *Id.* (citing *Fermin v. Conseco Direct Life Ins. Co.,* Nos. SA-98-CA-0943-NN & SA-00-CA-1063-NN, 2001 WL 685903 at *14 (W.D.Tex. May 1, 2001) (collecting Texas cases). Therefore,

all claims for individual liability against Defendant Fitzgerald lack an arguable basis in law and should be dismissed with prejudice as frivolous.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that all individual-liability claims against Defendant John Fitzgerald be summarily **DISMISSED** with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

SIGNED February 1, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE